IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IRA WILLIE GENTRY, JR.,<br><br>Petitioner,<br><br>v.<br><br>HUGH J. HURWITZ, Acting Director of the Federal Bureau of Prisons,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS<br><br>Case No. 2:19-CV-181 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. Petitioner challenges the determination of the Bureau of Prisons ("BOP") to deny him good time credit. Because of the BOP's alleged failure, Petitioner claims that he will be forced to serve more incarceration than is currently lawful.

BOP regulations provide for a multi-step process for inmates to use in bringing complaints about any aspect of their confinement, including the awarding of credit for good behavior. This process includes the following administrative steps: (1) an informal resolution process; (2) an administrative remedy with the Warden; (3) an appeal to the BOP's Regional Director; and (4) an appeal to the BOP's Central Office.[1]

"It has long been settled that, before a federal inmate may seek review of complaints relating to aspects of his imprisonment such as computation of his sentence, he must exhaust the

---
[1] 28 C.F.R. § 542.10–.18.

administrative remedies set forth in 28 C.F.R. §§ 542.13-.16."[2]  Petitioner admits that he has not fully exhausted his administrative remedies.  This failure to exhaust requires dismissal.

Petitioner appears to argue that his failure to exhaust should be excused because the BOP may not render a decision until after his scheduled release date.  "A narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile."[3]  Here, Petitioner has failed to demonstrate futility.  The fact that the BOP may not render a decision until after his presumptive release date does not excuse his failure to exhaust.[4]  Without even attempting to complete the administrative process, Petitioner cannot show that it would be futile.[5]  It is therefore

ORDERED that Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docket No. 1) is DENIED WITHOUT PREJUDICE.

DATED this 15th day of April, 2019.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[2] *Sandefur v. Pugh*, 189 F.3d 478, at *1 (10th Cir. 1999) (unpublished table decision).

[3] *Garza v. Davis*, 596 F.3d 1198, 1204 (10th Cir. 2010).

[4] *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (holding that the BOP's alleged failure to release an inmate on his presumptive release date did not excuse the prisoner's failure to exhaust); *Wuertenberg v. Young*, No. 09-0824, 2009 WL 4227453, at *4 (W.D. La. Nov. 24, 2009) (holding that impending release date did not excuse exhaustion requirement).

[5] *Preiser v. Rodriguez*, 411 U.S. 475, 494–95 (1973) ("It is true that exhaustion of state remedies takes time, but there is no reason to assume that state prison administrators or state courts will not act expeditiously.").